Francis A. MUNGIOVI, Plaintiff,

v.

CHICAGO HOUSING AUTHORITY,
Essie Smith and William
Bradley, Defendants.

No. 94 C 6663.

United States District Court,
N.D. Illinois,
Eastern Division.

Sept. 20, 1995.

208

Francis A. Mungiovi, Chicago, IL, pro se.

Delcine M. Thompson, Chicago Housing Authority, Office of the General Counsel, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, Chief Judge:

Plaintiff Francis Mungiovi, acting pro se, brings this eight-count complaint against the Chicago Housing Authority ("CHA") and two of its employees, Essie Smith and William Bradley. On August 2, 1995, we denied defendants' motion to dismiss the complaint for lack of subject matter jurisdiction, but directed the parties to file supplemental memoranda on the issue of whether Mungiovi had stated a claim under 42 U.S.C. § 1983. After considering the parties' responses, we now conclude that plaintiff has failed to state a claim under Section 1983 and therefore dismiss his federal claim with prejudice.

We briefly reiterate the facts alleged by plaintiff in his complaint and his additional submissions to this court.[1] Mungiovi, a resident of the CHA, contends that he was elected "Building President of Shields Apartments" in January 1993, but that the individual defendants have prevented him from acting as such. He claims that these individuals have harassed him and undermined his ability to have tenant meetings, and that despite being informed of these actions, the CHA has not tried to stop the alleged misconduct. Mungiovi contends that the actions of the individual defendants, and the inaction of the CHA, violate certain regulations promulgated by the Department of Housing and Urban Development ("HUD"), and are therefore actionable under 42 U.S.C. § 1983. In particular, plaintiff contends that defendants have violated their obligation under 24 C.F.R. Part 964 "to ensure effective tenant participation in creating a positive living environment."

We expressed doubt in our prior opinion as to whether plaintiff could state a claim under Section 1983 based on these HUD regulations, since the obligation to "ensure strong resident participation" did not appear judi-

1. Notwithstanding the fact that we struck several of plaintiff's submissions in our prior opinion because they failed to comply with the requirements of Fed.R.Civ.P. 7(a), and despite our suggestion that he move to amend his complaint if he wished to add additional factual allegations, plaintiff has continued to send letters to the court detailing further instances of alleged misconduct on the part of the defendants. Because these submissions are not in the form required by the Federal Rules, we sua sponte strike them as well. However, for purposes of resolving this motion, we will assume the truth of the allegations contained in all the papers filed by plaintiff in this action.

cially enforceable as required by the third prong of *Wilder v. Virginia Hosp. Ass'n,* 496 U.S. 498, 509, 110 S.Ct. 2510, 2517, 110 L.Ed.2d 455 (1990). Indeed, the requirement seemed akin to an obligation that administrators make "reasonable efforts" to ensure that foster children are kept in the original homes, a duty that has been held not to confer an enforceable right under Section 1983. *Suter v. Artist M.,* 503 U.S. 347, 363–64, 112 S.Ct. 1360, 1370, 118 L.Ed.2d 1 (1992). In an effort to clarify the issues and give plaintiff an opportunity to be heard, we asked the parties to discuss the question in greater detail. Their responses, while not particularly enlightening, do specify the exact regulations upon which plaintiff relies for his federal claim.

■ The first provision relied upon by Mungiovi is 24 C.F.R. § 964.135, which requires the CHA to "ensure strong resident participation in all issues and facets of its operations through the duly elected resident councils at public housing developments," and to "work in partnership with the duly elected resident councils." 24 C.F.R. § 964.135(c), (d). As plaintiff concedes in his supplemental memoranda, he is not the "resident council" of the Shields Apartments—the regulations require such an organization to consist of a board of at least five members. 24 C.F.R. § 964.115(c).[2] Rather, Mungiovi contends that he is asserting his rights as "Building President" or "President of a resident council." Plaintiff's Supp.Resp. at 1, 3. However, § 964.135 speaks only of the rights of the resident councils, not of the rights of any individual member or officer of the council, and thus is inapplicable to the instant case. Moreover, even if we were to find § 964.135 applicable, we nonetheless conclude that this provision is unenforceable in a private Section 1983 action. The regulation provides no guidance as to how "strong resident participation" is to be measured, and we see no objective benchmark from which to create our own scale. These omissions militate against finding the provision judicially

enforceable. *See Suter,* 503 U.S. at 359–62, 112 S.Ct. at 1368–69; *cf. Methodist Hosp. v. Indiana Family and Social Servs. Admin.,* 860 F.Supp. 1309, 1332 (N.D.Ind.1994) (holding that absence of "objective benchmark by which the term 'geographic area' can be defined" precluded enforceability of statute and regulation under § 1983). Further, § 964.135 might also fail the second prong of *Wilder,* since in context the language of the regulation could be "plausibly read to impose only a rather generalized duty on the [housing authority], to be enforced not by private individuals, but by the Secretary." *Suter,* 503 U.S. at 363–64, 112 S.Ct. at 1370. Accordingly, because § 964.135 applies only to resident councils, and its obligations (to the extent there are any) are too vague and amorphous to be judicially enforceable, we conclude that plaintiff cannot base his federal claim on a violation of § 964.135.

■ In his supplemental response, plaintiff for the first time argues that by refusing to recognize him as building president, defendants have also violated HUD's mandate that resident councils be "democratically elected," 24 C.F.R. § 964.115(c), and that such elections be "fair." 24 C.F.R. § 964.130(a)(1). Although plaintiff's argument is somewhat creative, we nonetheless conclude that the provisions he cites are inapplicable to the case at hand. To be sure, if Mungiovi were seeking to challenge the legitimacy of a resident council board recognized by the CHA, he might be able to proceed under these two regulations by arguing that the board was not installed pursuant to democratic and fair elections. However, plaintiff does not claim that the CHA recognizes a resident council that was not democratically elected, but rather, contends that his election to the position of "building president" has not been honored. As discussed above, because Mungiovi is not the resident council of the Shields Apartments he cannot contend that the CHA must recognize him as the tenants' representative. *See* 24 C.F.R. § 964.18(a)(1), (b)(2)(i). Nor

**2.** This concession is particularly damning to plaintiff's claim since the regulations mention only the resident council and do not discuss the office of "building president." *See* 24 C.F.R. § 964.18(a)(1) ("A [housing authority] shall offi-

cially recognize a duly elected resident council as the sole representative of the residents it purports to represent...."); (b)(2)(i) (imposing same obligation on housing authorities with fewer than 250 units).

do the regulations he now cites somehow give him the ability to bring a Section 1983 action against the defendants for failing to recognize him as the "building president." Thus, we conclude that in this case Mungiovi cannot bring a Section 1983 claim for an alleged violation of 24 C.F.R. §§ 964.115(c), 964.130(a)(1).[3]

In sum, because none of the regulations cited by plaintiff can provide him with the basis for a Section 1983 claim, we must dismiss this count of the complaint for failure to state a claim. Having dismissed the only claim over which we have original jurisdiction, we also decline to exercise our supplemental jurisdiction over Mungiovi's remaining state law claims. 28 U.S.C. § 1367(c)(3).

For the reasons set forth above, plaintiff's federal claim is dismissed with prejudice, and his state law claims are dismissed without prejudice to refile in state court. It is so ordered.

---

**3.** Plaintiff also contends that defendants' violation of 24 C.F.R. § 964.150 provides a basis for his § 1983 claim. However, this section merely authorizes the funding of resident council activities and forces the housing authority to collaborate with the resident council on the disbursement of such funds. It says nothing about a housing authority's obligation to recognize a "building president."